IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUSA FOFANA, #A78136867, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2580 |
| ALBERTO GONZALEZ, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER DENYING STAY AND DISMISSING CASE

The petitioner, Musa Fofana, is presently in custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, in Houston, Texas. He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an order of removal entered by an immigration judge. He also seeks an emergency stay, arguing that his return to Sierra Leone would lead to his persecution and torture, in violation of the United Nations Convention against Torture. Fofana has already sought relief from the United States Court of Appeals for the Fifth Circuit, which denied his motion for a stay on July 15, 2005. As a result, the government has filed an opposition to the stay and seeks dismissal.

Under section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), immigration habeas petitions are subject to the following jurisdictional provision:

> (5) Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or

      any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the REAL ID Act. *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)). The exclusive jurisdiction provisions of the REAL ID Act apply to this writ of habeas corpus.

When a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, Congress has provided that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (REAL ID Act § 106(c)). Because the Fifth Circuit has already denied the relief sought, dismissal for lack of jurisdiction rather than transfer is appropriate.

The motion for stay is denied and this case is dismissed for want of prosecution.

SIGNED on August 10, 2005, at Houston, Texas.

                                                _____
                                                     Lee H. Rosenthal
                                           United States District Judge